**George COLSON, Appellant,**

v.

**Hoyt C. CUPP, Superintendent, Oregon State Penitentiary, Appellee.**

**No. 71–1246.**

United States Court of Appeals, Ninth Circuit.

Aug. 27, 1971.

---

* Supplemental Transcript p. 10.

---

Ross R. Runkel (argued), Salem, Or., for appellant.

James L. Carney (argued), James A. Sanderson, Asst. Attys. Gen., Jacob B. Tanzer, Sol. Gen., Lee Johnson, Atty. Gen. of Or., Salem, Or., for appellee.

Before BROWNING, HUFSTEDLER, and TRASK, Circuit Judges.

PER CURIAM:

Colson appeals from an order denying his petition for a writ of habeas corpus challenging his Oregon conviction for attempted burglary of a warehouse.[1] He claims that the following instruction to the jury unconstitutionally shifted the burden of proof:

> "The law presumes that a person intends all the natural, probable, and usual consequences of his deliberate acts. The law also presumes that an unlawful act was done with an unlawful intent. These are rebuttable presumptions."

Assuming, without deciding, that the Oregon law creates a legal presumption, rather than an inference (*see* McAbee v. United States (9th Cir. 1970) 434 F.2d 361), we are nevertheless convinced that the error, if any, in giving the instruction was harmless. The location, design, and protective devices surrounding the warehouse, together with the physical evidence of forced entry, unmistakably proved attempted burglary by someone. The only real issue at trial was whether that someone was Colson. The identification evidence was unusually complete and convincing.

Aside from the use of the language of presumption, the instruction was erroneous because the second sentence is hopelessly circuitous. When the lawfulness of an act depends upon the guilty intent with which the act was done, it is patently wrong to tell a jury that it can infer the requisite intent simply from proof that a defendant did the act. We do not have occasion in this case to decide whether or not the error reached the magnitude of a federal question, because we are convinced that the instruction did not affect this conviction.

The district court did not err in denying habeas relief.

The order of the district court is affirmed.

---

1. The decision of the Supreme Court of Oregon affirming his conviction is reported as State v. Colson (1968) 251 Or. 624, 447 P.2d 302.